Filed 9/11/25  P. v. Kha CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TUE THANH TRI KHA,<br><br>    Defendant and Appellant. | G064830<br><br>(Super. Ct. No. C-82263)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*        *        *

INTRODUCTION

Tue Thanh Tri Kha (Defendant) appeals from an order denying, at the prima facie stage, his petition for resentencing made pursuant to Penal Code section 1172.6.[1] Defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to inform us that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration.

Defendant was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *Delgadillo* that if no supplemental brief was filed, the court might dismiss the appeal as abandoned. Defendant has filed three supplemental briefs dated, respectively, March 10, 11, and 12, 2025.

We have evaluated the arguments presented by Defendant in his supplemental briefs and conclude none has merit. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We have also conducted an independent review of the record and find no arguable issues on appeal. We therefore affirm.

BACKGROUND

I. UNDERLYING FACTS

The following summary of facts is taken from our opinion in *People v. Kha* (Jul. 10, 1992, G011640) [nonpub. opn.]. We provide the summary solely to provide context. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1170; *People v. Davenport* (2023) 95 Cal.App.5th 1150, 1160, fn. 5.)

"[Defendant], while detained at Los Pinos Juvenile Camp in the

---

[1] All statutory references are to the Penal Code.

summer of 1990, got into a fight with other residents. When Canh Tran refused to get involved, [Defendant] accused Canh of cowardice and promised to 'kick his ass' if they ever met on the street.

"Canh was shot in the back twice with a .22 caliber pistol on August 24 while attending a party at the Boys and Girls Club in Huntington Beach. He died there on the dance floor. Witnesses told police they saw a man running from the scene wearing all black and carrying a gun.

"Shortly after the killing, Richard Hooper, the investigator in charge of the case, was contacted by Thanh Nguyen, who agreed to cooperate with him. Nguyen telephoned [Defendant] and their conversations were recorded by the police. During the course of one of their discussions, [Defendant] admitted to Nguyen that he shot Canh.

"[¶] . . . [¶]

"Later, at the station, Hooper interviewed [Defendant]. [Defendant] told Hooper that Canh had threatened to kill his family. He confirmed he had worn black clothes to the club that evening and admitted shooting Canh. A subsequent search of [Defendant]'s home uncovered black clothes, a box of .22 caliber bullets and a newspaper article describing the murder of Canh." (*People v. Kha supra*, G011640 at pp. 2-3.)

## II. PROCEDURAL HISTORY

In May 1991 a jury convicted Defendant of one count of second degree murder (Pen. Code, § 187, subdivision (a)). The jury found to be true the allegation that Defendant personally used a firearm at the time of the commission of the offense (§ 12022.5, subd. (a)). The trial court sentenced Defendant to a term of 19 years to life in prison. In *People v. Kha, supra*, G011640, we affirmed the judgment.

3

In March 2024, Defendant filed a form petition for resentencing pursuant to section 1172.6. He checked the boxes for the standard allegations that (1) a complaint, information, or indictment had been filed against him which allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) he was convicted of murder following a trial; and (3) he could not presently be convicted of murder due to changes made to sections 188 and 189. Defendant was appointed counsel.

The District Attorney filed an opposition to Defendant's resentencing petition. With the opposition, the District Attorney submitted copies of: (1) the abstract of judgment; (2) minutes for the trial court docket; (3) the felony information; (4) the jury verdicts; (5) *People v. Kha supra*, G011640; and (6) the jury instructions given at trial.

The trial court denied the petition and issued a statement of decision in which the court found: "There has been no showing of a prima facie case that petitioner was convicted under any now-void legal theory of Murder as described in section 1172.6 of the Penal Code. [¶] Petitioner was found guilty of Second-Degree Murder by jury verdict on May 22, 1991. The jury also found it to be true that petitioner personally used a firearm in the commission of the offense, under PC section 12022.5. He was sentenced to 19 years to Life in prison. [¶] A review of the record of conviction, including the instructions presented to the jury at trial, makes clear there was no felony murder doctrine or natural and probable consequences theory upon which the jury could have convicted petitioner. Therefore, the petitioner would still be guilty of Murder under currently valid law."

4

ISSUE PROPOSED BY COUNSEL

Defendant's counsel has proposed the following issue for our consideration: "Whether the superior court properly denied appellant's section 1172.6 petition." Our review of the record leads us to conclude the issue has no merit.

DEFENDANT'S SUPPLEMENTAL BRIEF

In his supplemental brief, Defendant argues: (1) his jury trial in 1991 was "unfair, inadequate and defect[ive]"; (2) his trial counsel was ineffective by failing to obtain full discovery and conduct a complete investigation; (3) his trial counsel was ineffective by failing to warn Defendant he potentially could receive an indeterminate life sentence; (4) his trial counsel was ineffective by failing to advise Defendant of CALCRIM No. 570 "to negate second degree murder"; (5) his trial counsel "was intimidated by the prosecution"; (6) the Huntington Beach and Westminster police departments kidnapped Defendant by using a jailhouse informant to lure Defendant out of his home, then beat up Defendant and forced him to confess; (7) the prosecution withheld exculpatory evidence; (8) the jury was instructed on the natural and probable consequences doctrine; and (9) Defendant is entitled to resentencing relief pursuant to *People v. Pittman* (2023) 96 Cal.App.5th 400 (*Pittman*) and *People v. Keel* (2023) 84 Cal.App.5th 546 (*Keel*).

Defendants' arguments one through seven are not grounds for relief under section 1172.6 but rather are issues which should have been raised on direct appeal or by petition for writ of habeas corpus. Section 1172.6 affords relief only if the petitioner was convicted of murder or attempted murder based on felony murder, murder under the natural and probable

5

consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6, subd. (a)(1).) Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error" (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438) "'does not create a right to a second appeal,'" and cannot be used "'to resurrect a claim that should have been raised in his . . . direct appeal'" (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1173).

In his supplemental brief dated March 12, 2025, Defendant asserts he is entitled to resentencing based on the involuntary manslaughter instruction given to his jury. That instruction (CALJIC No. 8.45), after defining the crime of involuntary manslaughter, stated: "A killing is unlawful within the meaning of this instruction if it occurred: [¶] In the commission of an act, ordinarily lawful, which involves a high degree of risk of death or great bodily harm, without due caution and circumspection." The instruction then defined the term "without due caution and circumspection." Defendant focuses his attention on the following part of that definition: "The facts must be such that the *consequences* of the negligent act could reasonably have been foreseen. It must also appear that the [death] was not the result of inattention, mistaken judgment or misadventure, but *the natural and probable result* of an aggravated reckless or grossly negligent act." (Italics added.)

The natural and probable consequences doctrine that was eliminated as the basis for a murder conviction (*People v. Reyes* (2023) 14 Cal.5th 981, 984) was a theory by which the mens rea of a perpetrator could be imputed to an aider and abettor or coconspirator (*People v. Chiu* (2014) 59 Cal.4th 155, 161, 164). Defendant's jury was not instructed on the natural and probable consequence doctrine. The term "without due caution and

6

circumspection" found in CALJIC No. 8.45 is not the same thing. Rather, the term "without due caution and circumspection" is the definition of criminal negligence, which is the mental state a defendant must have had in order to be convicted of involuntary manslaughter. (*People v. Mohammed* (2016) 247 Cal.App.4th 152, 161; *People v. Evers* (1992) 10 Cal.App.4th 588, 596.) Besides, Defendant was not convicted of involuntary manslaughter.

In his supplemental brief, Defendant states he was 15 years old at the time of the offense and therefore, under *Pittman, supra*, 96 Cal.App.5th 400 and *Keel, supra*, 84 Cal.App.5th 546, the trial court should have granted his section 117.6 petition based on age. *Pittman* and *Keel* do not support granting Defendant resentencing relief. In *Pittman*, the defendant and two others attacked and killed the victim. (*Pittman*, pp. 403, 404-405.) The defendant was 21 years old at that time. (*Id.* at p. 416.) The jury, which had been instructed on the natural and probable consequences theory of imputed malice, convicted the defendant of second degree murder. (*Id.*, p. 409.)

The defendant later brought a resentencing petition under section 1172.6. (*Pittman, supra*, 96 Cal.App.5th a p. 411.) After conducting an extensive evidentiary hearing on the petition, the trial court concluded the defendant was guilty of implied malice murder either as a principal or as an aider and abettor. (*Id.* at p. 415.) On appeal from the order denying the petition, the Attorney General did not contend the defendant was guilty as a principal, and the undisputed testimony had established the defendant was not the actual killer. (*Ibid.*) The Court of Appeal concluded that the defendant's youth was a factor that should have been considered in determining whether, in participating in attack of the victim, the defendant

acted with conscious disregard for life—the requisite mental state for implied malice murder. (*Id.* at p. 417-418.)

In *Keel, supra*, 84 Cal.App.5th 546, the defendant was convicted of first degree murder for participating, at age 15 years, in an armed robbery which led to the victim's murder. (*Id.* at p. 550.) In response to the defendant's section 1172.6 petition, the trial court conducted an extensive evidentiary hearing at which the defendant testified. (*Keel*, pp. 552-554.) The trial court found that the defendant was not the actual killer but was ineligible for resentencing because he was a major participant in the robbery and acted with reckless indifference to human life. (*Id.* at pp. 554-555.) The Court of Appeal reversed on the ground substantial evidence did not support the trial court's finding that the defendant acted with reckless indifference to human life. (*Ibid.*) In reaching that conclusion, the Court of Appeal considered the defendant's youth at the time of the offense to be a relevant consideration and found it diminished any inference the defendant had acted with reckless disregard for human life. (*Id.* at pp. 558, 562.)

Here, in contrast to *Pittman* and *Keel*, the record of conviction established that Defendant was tried and convicted as the sole perpetrator and actual killer. (*People v. Harden* (2022) 81 Cal.App.5th 45, 47-48, 53 [actual killer is ineligible for § 1172.6 relief].) The jury was not instructed on the felony murder rule, the natural and probable consequences theory of imputed malice, or any other theory of imputed malice. Defendant was not "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is impute. . . ." (§ 1172.6, subd. (a).) Defendant was not entitled to an evidentiary hearing because, unlike *Pittman* and *Keel*, the record of conviction conclusively

8

established he was ineligible for relief. (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

Defendant argues his counsel appointed to represent him on the resentencing petition was ineffective for not citing *Pittman* and *Keel*. Because *Pittman* and *Keel* are inapplicable to Defendant's situation, either his counsel was not ineffective for failing to cite those cases to the trial court, or any ineffective assistance was harmless. (See *In re Crew* (2011) 52 Cal.4th 126, 150.)

## DISPOSITION

The postjudgment order denying Defendants resentencing petition is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

DELANEY, J.

9